J-S01030-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA     :     IN THE SUPERIOR COURT OF
                                 :            PENNSYLVANIA
                                 :
           v.                    :
                                 :
                                 :
CRAIG E. MOSS                    :
                                 :
           Appellant             :     No. 1176 MDA 2023

Appeal from the PCRA Order Entered July 19, 2023
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0001036-1996

BEFORE:   PANELLA, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:          **FILED: APRIL 23, 2024**

Craig E. Moss appeals *pro se* from the order denying his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. For the reasons that follow, we affirm.

Moss's arson conviction, appeals, and countless petitions for post-conviction relief span decades, including nine prior decisions by this Court. During these years, Moss sought both post-conviction relief and modification of his restitution order. Because, at times, the pursuit of one avenue for relief caused delay in another, we provide a detailed account of the pertinent facts and procedural history leading to the present appeal.

At the above docket, Moss was charged with arson, criminal mischief, and eight counts of reckless endangerment. These charges arose after

_____

[*] Retired Senior Judge assigned to the Superior Court.

information obtained from a confidential informant led to Moss's arrest for setting a fire on April 15, 1996 in the apartment of Robert Eyler, an individual with whom Moss previously had a violent argument. The fire resulted in significant damage to eight apartments in the building. When Moss was charged with these offenses, he was already facing robbery and theft charges at another docket resulting from an incident at a Best Western motel.

On January 13, 1997, Moss agreed to plead *nolo contendere* to the arson charge in exchange for the Commonwealth dropping all remaining charges at both dockets. On March 5, 1997, the trial court sentenced Moss to 42 to 240 months of imprisonment, a $300.00 fine, and $81,535.51 in restitution, which included $423.50 payable to Best Western, and $4,305.00 payable to Mr. Eyler.

On March 25, 1997, the trial court denied Moss's motion to withdraw his plea and his motion to modify sentence. On April 7, 1997, Moss's trial counsel was permitted to withdraw after Moss claimed counsel mispresented certain facts in order to get Moss to plead *nolo contendere*. The trial court appointed new counsel. In his direct appeal, Moss claimed that the trial court abused its discretion in denying his motion to withdraw his plea and the discretionary aspects of his sentence.[1] Finding no merit to either claim, we affirmed Moss's judgment of sentence on December 5, 1997. ***Commonwealth v. Moss***, 706

_____

[1] On April 15, 1997, Moss filed a PCRA petition in which he challenged trial counsel's effectiveness. The trial court denied this petition as premature because of the pendency of Moss's direct appeal.

A.2d 1256 (Pa. Super. 1997)(unpublished memorandum). Moss did not seek further review.

On June 5, 1998, Moss filed a timely *pro se* PCRA, and the PCRA court appointed counsel. Although PCRA counsel filed an amended petition on Moss's behalf, this counsel was permitted to withdraw after counsel received a letter from Moss containing the threat of "hanging his fat communist ass from a streetlight in front of [his] office." Trial Court Order, 1/15/99. Thereafter, the PCRA court appointed new counsel, who filed a second amended PCRA petition on Moss's behalf on May 3, 1999.

On August 10, 1999, the PCRA court held an evidentiary hearing at which Moss, his mother, and trial counsel testified. Following the hearing, the PCRA court entered an order dismissing Moss's petition. Moss filed a timely appeal. On November 17, 1999, Moss filed an application to dispense with counsel and proceed *pro se*. The PCRA court granted Moss's motion.

In that petition, Moss challenged the effectiveness of trial and appellate counsel, and asserted that the eligibility requirements of the PCRA were unconstitutional. On April 27, 2001, we affirmed based on the PCRA court's opinion, and our Supreme Court denied Moss's petition for allowance of appeal on October 1, 2001. ***Commonwealth v. Moss***, 778 A.2d 736 (Pa. Super. 2001) (unpublished memorandum), *appeal denied*, 788 A.2d 374 (Pa. 2001).[2]

---

[2] On June 22, 2001, Moss filed a motion for sentence modification. Although the court below did not treat this motion under the PCRA, the court dismissed
*(Footnote Continued Next Page)*

Moss filed his second *pro se* PCRA petition on October 12, 2001, and the PCRA court dismissed the petition without a hearing on December 11, 2001. Moss appealed. Concluding that Moss's serial petition was untimely, and noting that Moss did not argue any time-bar exception, this Court affirmed the denial of post-conviction relief on October 30, 2002. ***Commonwealth v. Moss***, 816 A.2d 332 (Pa. Super. 2002) (unpublished memorandum).

Thereafter, Moss filed two more *pro se* PCRA petitions, both of which were denied. On October 17, 2005, Moss filed another *pro se* PCRA petition, his fifth. On November 2, 2005, the PCRA court denied Moss's serial petition without a hearing. Moss appealed to this Court in which he wished to challenge the legality of his sentence insofar as it included an excessive and/or unsupported amount of restitution. With regard to timeliness, Moss baldly asserted that his inability to file a timely petition was caused by the interference of government officials in that the Department of Corrections failed provide him with an adequate law library and legal assistance. Rejecting this time-bar claim, as well as Moss's attempt to raise an equitable exception to the PCRA's time bar, we affirmed the PCRA court's order denying him post-conviction relief on February 2, 2007. ***Commonwealth v. Moss***, 919 A.2d 974 (Pa. Super. 2007) (non-precedential decision).

---

as filed thirty days beyond the imposition of sentence. Moss appealed, and, on December 12, 2001, we affirmed the court's order. ***See Commonwealth v. Moss***, 792 A.2d 1285 (Pa. Super. 2001) (unpublished memorandum).

Over the next twelve years, Moss filed no further motions at this docket. On September 29, 2017, he filed a *pro se* document entitled, "Motion to Vacate and Correct Illegal Sentence." Therein, Moss requested that the court below modify or vacate illegal aspects of his sentence of restitution under 18 Pa.C.S.A. § 1106. In addition, Moss averred that he was not given adequate credit for time served prior to his sentencing hearing in March of 1997. Therefore, Moss requested the court to vacate his illegal sentence and conduct a new sentencing hearing. The court below treated this filing as a serial PCRA petition and issued a Pa.R.Crim.P. 907 notice its intent to dismiss it without a hearing. Moss filed a *pro se* response. By order of court entered July 6, 2018, the PCRA court dismissed the petition.

Moss appealed. On January 3, 2019, this Court filed a memorandum in which we affirmed in part, vacated in part, and remanded for further proceedings. We affirmed the court's order insofar as it denied Moss's time-credit claim. However, citing relevant case law interpreting Section 1106 to permit a criminal defendant to seek a modification or amendment of a restitution order at any time directly from the trial court, we agreed with Moss that the court below erred in treating his restitution claim as cognizable under the PCRA and deeming it untimely. Accordingly, we vacated the court's order to the extent it denied Moss's motion to modify restitution, and we remanded for the court to assess the merits of that issue. ***See Commonwealth v. Moss***, 209 A.3d 476 (Pa. Super. 2019) (non-precedential decision).

Following remand, the trial court held a hearing on February 25, 2019. On April 16, 2019, the trial court denied Moss's motion. Moss appealed. On January 6, 2020, this Court affirmed Moss's judgment of sentence in part and again remanded for resentencing on the issue of restitution. Specifically, we found that the trial court improperly deferred the determination of the amount of restitution to be paid by Moss to the county probation department. On remand, we directed the trial court to determine the correct amount of restitution. *See Commonwealth v. Moss*, 226 A.3d 611 (Pa. Super. 2020) (non-precedential decision). In addition, this Court *sua sponte* found that, since the Commonwealth *nolle prossed* the charges forming the basis for the damages to Best Western, Moss was not criminally liable for those damages. Thus, we directed the trial court not to reimpose the restitution award to Best Western.

Following the second remand, the trial court held a restitution hearing on June 4, 2020. At that time, Moss sought to make a statement to the court, which the trial court denied.[3] The trial court the heard testimony and was presented other evidence regarding the amount still owed to the owner of the apartment building and the insurance company. Because the Commonwealth failed to present any evidence as to the losses sustained by Mr. Eyler, the court did not reimpose the $4,305.00 order to him. Additionally, pursuant to this Court's directive, the trial court also did not reimpose the restitution award

---

[3] Moss had retained counsel to represent him at this hearing.

- 6 -

to Best Western. However, noting that Moss had already made restitution payments toward those previously-imposed awards, the court directed Moss to file a motion as to the manner in which those payments should be returned to Moss or applied to his still outstanding restitution obligations.

Moss appealed. On May 21, 2021, this Court vacated Moss judgment of sentence because the trial court erred in denying Moss the opportunity to address the court at resentencing. **See Commonwealth v. Moss**, 255 A.3d 1270 (Pa. Super. 2021) (non-precedential decision). We directed the trial court on remand to resentence Moss in accordance with this Court's January 6, 2020, memorandum. **Id.**

Before another remand hearing was held, however, on June 24, 2021, Moss filed the *pro se* PCRA petition at issue in this appeal, his seventh. On July 7, 2021, the PCRA court entered an order stating that no action would be taken on this petition because Moss's resentencing hearing was pending. The court directed Moss to refile his petition once that hearing was completed.

On July 12, 2021, the trial court held another resentencing hearing and, pursuant to this Court's remand, permitted Moss to address the court. At the hearing's conclusion, the trial court reimposed restitution as to the apartment building owner and the insurance company. Once again, it did not reimpose the restitution awards to Mr. Eyler or Best Western. At that time, the court indicated that it was unsure how to accomplish repayment for the restitution payments Moss had made that were applied to those vacated awards. Therefore, as part of its July 12, 2021 restitution order, the court permitted

Moss the opportunity to file a memorandum of law setting forth relevant precedent and a proposed procedure for repayment.[4]

Thereafter, Moss filed a memorandum but did not propose a mechanism for repayment. The Commonwealth did not file a brief or propose any mechanism for repayment. After considering this Court's prior decisions, the trial court concluded that "it would be manifest injustice to order [Mr.] Eyler and Best Western to repay the money that had been erroneously paid to them many years ago by no fault of their own." Order, 8/9/21, at 2. Therefore, the court issued a payment order, which directed the county Clerks of Courts to issue a check to Moss in the amount of $4,728.50 for repayment of the restitution award paid to Mr. Eyler ($4,305.00), and Best Western ($423.50).

Several filings occurred following the issuance of that payment order. On August 16, 2021, the trial court, *sua sponte*, entered an order scheduling a hearing related to its payment order for September 9, 2021. Before that order was filed, however, Moss filed a *pro se* notice of appeal from the July 12, 2021 restitution order. Therefore, the trial court cancelled the scheduled hearing and stayed the payment order pending resolution of Moss's appeal.[5]

---

[4] Four days later, on July 16, 2021, Moss refiled the PCRA petition at issue, but, as explained **infra**, the PCRA court could not act on it because of the pending restitution issues.

[5] By order entered October 12, 2021, we quashed Moss's appeal as untimely filed.

On September 2, 2021, the Clerk of Courts filed a notice of appeal to the Commonwealth Court from the payment order, which the Commonwealth Court transferred to this Court. On December 13, 2022, this Court vacated the payment order and remanded for proceedings consistent with our decision. **See Commonwealth v. Moss**, 290 A.3d 672 (Pa. Super. 2022). Importantly, we held that the trial court did not have authority to order the Clerk of Courts to return funds that it did not possess. **Id.** However, because Mr. Eyler and Best Western actually received the sums awarded to them, we remanded to allow the trial court the opportunity to direct repayment. **Id.**

Following remand, the trial court held a restitution hearing on May 15, 20, 2023. At its conclusion, the trial court entered an order vacating its prior directive that the Clerk of Courts pay Moss $4,728.50 for the return of restitution. Instead, the court ordered Mr. Eyler, now deceased, to pay Moss $4,305.00, and Best Western, now defunct, to pay Moss $432.50. Moss did not appeal this order.[6]

Having entered a new restitution order as directed by this Court, the PCRA court proceeded to address the *pro se* PCRA petition at issue. On May 26, 2023, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to

_____

[6] As noted **infra**, the PCRA petition at issue in this case was filed prior to the trial court's May 26, 2023 order regarding repayment of restitution and, therefore, Moss had not raised any issues therein regarding restitution. Thus, although Moss includes a claim regarding restitution in his issues on appeal, the claim is inappropriately raised for the first time on appeal. **See generally**, Pa.R.A.P. 302(a).

- 9 -

dismiss the petition without a hearing. Moss did not file a response. By order entered July 19, 2023, the PCRA court denied Moss's 2021 PCRA petition. This appeal followed. Both Moss and the PCRA court have complied with Pa.R.A.P. 1925.

Moss presents his statement of issues as follows:

I.      INEFFECTIVE ASSISTANCE OF COUNSEL

II.     PROSECUTORIAL MISCONDUCT

III.    SHOULD THIS HONORABLE COURT IN THE INTEREST OF JUDICIAL ECONOMY ADDRESS [MOSS'S] CLAIM OF AN ILLEGAL SENTENCE OF TIME CREDIT

IV.     WAS THE [TRIAL] COURT'S DECISION NOT TO ORDER FRANKLIN COUNTY TO REIMBURSE [MOSS] THE $4,305 CONTRARY TO THE U.S. SUPREME COURT'S DECISION IN NELSON V COLORADO

Moss's Brief at 2.[7]

Before addressing these issues, however, we must first determine whether the PCRA court correctly concluded Moss's 2021 PCRA petition was untimely filed, and that Moss failed to establish a time-bar exception.[8] The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for

---

[7] We note that the Commonwealth did not file an appellate brief.

[8] Although it is unclear from the record, it appears Moss is still on parole for his 1997 arson sentence. *See Moss v. Pennsylvania Board of Probation and Parole*, 2020 WL 2060595 (Pa. Cmwlth., filed Apr. 29, 2020) (affirming Parole Board's discretionary denial of Moss's "street time" of almost eight years).

relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)).  In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal.  ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petitioner must file his petition "within one year of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition.  Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Moss's judgment of sentence became final on February 16, 1998, thirty days after he failed to file a petition for allowance of appeal with our

Supreme Court. ***See*** 42 Pa.C.S.A. § 9545(b)(3).[9] Therefore, Moss had until February 16, 1999, to file a timely PCRA petition. As Moss filed the petition at issue in 2021, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies.[10] ***See Hernandez***, ***supra***.

Moss has failed to plead and prove any exception to the PCRA's time bar in his 2021 PCRA petition. In that petition, Moss claimed he established both the "governmental interference" and "newly-discovered fact" exceptions based on his claim that, prior to the evidentiary hearing on his ***first*** PCRA petition, the Commonwealth committed a violation of ***Brady v. Maryland***, 373 U.S. 83 (1963), for failing to disclose that Moss's trial counsel had been disbarred. According to Moss, "[p]ursuant to Pa.R.D.E., 217(b)(c)(2), (j)(4)(6)[,] [t]he Franklin County District Attorney was obligated to disclose this fact to the defense and the court. An act that the district attorney knowingly neglected to do." Moss's Brief at 7.

This claim is specious. A plain reading of Rule 217 of the Pennsylvania Rules of Disciplinary Enforcement obligates the disbarred attorney, not the attorney for the Commonwealth, to disclose the disbarred attorney's status.

_____

[9] Because the thirtieth day fell on a Saturday, Moss had until the following Monday to file a timely petition for allowance of appeal. ***See generally***, 1 Pa.C.S.A. § 1908.

[10] None of Moss's issues challenged ineffective assistance of counsel or other issues related to the recent restitution hearings; instead, the first two issues related to his original 1997 plea and sentence and his last two issues, as indicated ***supra***, are not properly before this Court.

In addition, we note that trial counsel was permitted to withdraw in 1997, before he was disbarred by consent on April 21, 1999, and the trial court appointed separate counsel to represent Moss in his direct appeal and his first PCRA petition.

In sum, Moss's 2021 PCRA petition is untimely, and he has failed to establish a time-bar exception. As such, both the PCRA court and this Court lack jurisdiction to consider his substantive claims. **Derrickson**, **supra**. We therefore affirm the PCRA court's order denying him post-conviction relief.

Order affirmed.


Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary


Date: 04/23/2024